**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MITUTOYO AMERICA CORPORATION,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:08-mc-36-T-TBM**

**SUNCOAST PRECISION, INC.,**

    **Defendant,**

**and**

**BANK OF AMERICA, N.A.,
MAJESTIC SOLUTIONS,
PATRICIA L. NESHTA, and
DAWN M. DELANEY,**

    **Supplemental Defendants.**
                                          /

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion for New Trial** (Doc. 84) and Supplemental Defendants' Responses in opposition (Docs. 85, 86). By its motion, Plaintiff Mitutoyo America Corporation seeks an order pursuant to Fed. R. Civ. P. 59 granting it a new trial. In support, Plaintiff urges three bases for granting it a new trial: that the court erroneously considered hearsay evidence consisting of a Suncoast Precision financial statement, that there was an improper finding of "value" as that term is defined in the fraudulent transfer statute, and that Majestic Solutions should have been found to be a successor entity. Supplemental Defendants file legal memorandum in opposition contending

that the court's admission of the financial statement was proper, that evidence of "value" given was established, and that the court properly determined that Majestic Solutions was not a successor entity. Supplemental Defendants urge that, in any event, Plaintiff fails to raise any new issues not previously argued to and decided by the court, and thus Plaintiff's request for new trial pursuant to Rule 59 must be denied.

Under Rule 59, a trial judge "may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). "Further, . . . [a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). A motion for new trial is left to the discretion of the trial court. *Lambert v. Fulton County*, 253 F.3d 588, 595 (11th Cir. 2001); *Hercaire Int'l, Inc. v. Argentina*, 821 F.2d 559, 562 (11th Cir. 1987).

On its first claim, Plaintiff contends that the Suncoast Financial Statement for the years ending December 31, 2006, and 2005, were hearsay statements for which no exception applied to permit its admissibility. This hearsay document was offered for its truth that Suncoast owed Techtran a debt, and as such, it was inadmissible. By Plaintiff's argument, because the financial statement was the central piece of evidence supporting the defense and it was improperly admitted into evidence, Plaintiff is entitled to a new trial.

Supplemental Defendants, Majestic Solutions, Inc., Patricia Neshta, Dawn Delaney, and Bank of America, respond that the Plaintiff's hearsay argument is unavailing as the document was properly admitted under the business record exception pursuant to Fed. R. Evid. 803(6). And, in any event, if it did not so qualify as a business record, the admission of the document was nevertheless harmless error.

The exhibit at issue is a financial statement of Suncoast for the years 2005 and 2006, prepared by Suncoast's accountant, William Demers. It was identified as Majestic Solution's Exhibit 5 and introduced through the testimony of Dawn Delaney, a former employee of both Techtran and Suncoast.[1] Plaintiff objected to admission of the document as hearsay. The witness was questioned further by counsel and the court. Ms. Delaney testified that the document was kept in the ordinary course of Suncoast's business and that the document would have been made at or near the time of the recorded events in 2006 and was based on information transmitted by her. *See* (Doc. 76 at 149-53).

Under Fed. R. Evid. 803(6), business records are admissible if "(A) the record was made at or near the time by – or from information transmitted by– someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business . . . ; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or other qualified witness, . . . ; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6). By my consideration, the proper foundation was laid

---

[1]By her testimony, Ms. Delaney's duties included handling the bookkeeping and financial records. (Doc. 76 at 143, 147).

3

for the admission of this document and the exhibit was properly admitted as a business records exception to the hearsay rule.[2] Thus, Plaintiff's motion for new trial fails on this point.

On its second argument, Plaintiff urges that the court erred in finding that Majestic and Bank of America provided anything of "value" to Suncoast. In response, Majestic references the testimony of Patricia Neshta and Dawn Delaney regarding the assumption of the Wachovia and American Express debts (Doc. 76 at 71, 188-89) and identifies the machinery, equipment, vehicle, and furniture received (Doc. 76 at 164-67) in exchange for assumption of the referenced debt. Similarly, Bank of America responds that value was provided by BA's termination of the security interest in Techtran's collateral and release of the collateral to Suncoast in exchange for the payment to BA by Suncoast. The issue of whether reasonably equivalent value was given has been briefed thoroughly by the parties and addressed in detail by the court. Nothing new, factually or legally, has been presented by Plaintiff on the instant motion to change the court's prior finding that payment of an assumed liability can constitute reasonably equivalent value for a transfer. *See U.S. v. Exec. Auto Haus, Inc.*, 234 F. Supp. 2d 1253 (M.D. Fla. 2002). Accordingly, I find no basis to grant a new trial due to a purported lack of "value" given.

---

[2]In any event, as noted by Supplemental Defendants, even in the event the document was admitted in error, such error was harmless as Dawn Delaney, Patricia Neshta, and Robert Neshta testified that when Techtran closed down, Suncoast assumed Techtran's debts to Bank of America, Wachovia, and American Express. (Doc. 76 at 71, 73, 74, 155-57, 216, 254-55).

Lastly, Plaintiff urges that Majestic should have been held liable as a successor entity.[3] Without more, Plaintiff contends because no "value" was given in exchange for the transfers, the transfers were an effort to hinder, delay or defraud the Plaintiff. Again, this issue has been addressed by the court and nothing new has been presented by Plaintiff on this motion. Thus, this argument provides Plaintiff no relief.

Upon consideration and for the basis previously stated by the court (Doc. 81) and for the reasons set forth in Supplemental Defendants' responses in opposition, Plaintiff's Motion for New Trial (Doc. 84) is **denied**.

**Done and Ordered** in Tampa, Florida, this 21st day of September 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3]Plaintiff abandons its arguments under the concept of implied merger.